PRESIDING JUSTICE HOLDRIDGE, dissenting: I would hold that it was error for the trial court to admit the videotape of Nicholas’s statement to the police. As the majority correctly observes, the question at issue is whether defendant’s statement telling Nicholas not to go into the building because it was going to go “ka-boom” was an admission-confession or a statement of his intentions. Section 115 — 10.1(c)(2) of the Code of Criminal Procedure (725 ILCS 5/115 — 10.1(c)(2) (West 2006)) permits hearsay concerning a defendant’s state of mind as to his intentions but does not permit hearsay concerning an admission-confession to be admitted as substantive evidence. People v. Wilson, 302 Ill. App. 3d 499, 509 (1998). The distinction between a statement regarding the defendant’s state of mind and an admission-confession is illustrated in People v. Saunders, 220 Ill. App. 3d 647, 658-59 (1991). In Saunders, the court held that a statement by the defendant that he was going to “get” the victim was admissible while a later statement that he “got” the victim was inadmissible. Saunders, 220 Ill. App. 3d at 658-59. Here, the majority finds that defendant’s statement to Nicholas that the building was going to go “ka-boom” and that defendant would “get rid of them” were analogous to the defendant’s statement in Saunders that he was going to “get” the victim. I do not agree. Defendant’s statements to Nicholas in the instant matter are far more analogous to the defendant’s statement in Saunders that he “got” the victim. Since the statements allegedly made by defendant to Nicholas were offered to establish that defendant had already taken action to make the building go “ka-boom” and to “get rid” of the tenants, they were clearly offered as confession-admissions, not merely to establish defendant’s state of mind regarding his intention to set the building on fire. As such, I would find that the statements were inadmissible hearsay and would hold that it was error to admit those statements. I would, therefore, reverse defendant’s conviction and remand for a new trial at which the videotape of Nicholas’s statement to the police would not be admitted. For this reason, I respectfully dissent.